IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


GREGORY &
LISA TURNER,

                Plaintiffs,

        v.                     CASE NO.  08-3166-SAC

JERRY L. LESTER,

                Defendant.

### ORDER OF REMAND

This "Petition to Foreclose Contract for Deed" was filed in the District Court of Franklin County, Kansas, by the plaintiffs therein, Gregory and Lisa Turner. The defendant in the state foreclosure action, Mr. Lester, is currently an inmate at the Federal Prison Camp, Yankton, South Dakota. Mr. Lester has filed a Notice of Removal to federal court of the petition for foreclosure of real property, citing 28 U.S.C. § 1446(a)[1]. Lester has also filed an in forma pauperis motion, a Motion for Declaratory Judgment and Relief, and a Motion for Joinder. Having considered the materials submitted, the court finds as follows.

### IN FORMA PAUPERIS MOTION

28 U.S.C. § 1914(a) pertinently provides:

> The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or

---

[1] This statute provides: "A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to <u>Rule 11 of the Federal Rules of Civil Procedure</u> and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."

otherwise, to pay a filing fee of $350 . . . ."
Id. It follows that Mr. Lester is obligated to pay a filing fee for this removal action of $350. He has filed a Motion to Proceed in forma pauperis (Doc. 2), and has attached an Inmate Account Statement in support as statutorily mandated. 28 U.S.C. § 1915(b)(1) requires this court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the records of Mr. Lester's account, the court finds the average monthly deposit to his account for that period is $60.99 and the average monthly balance is $20.29. The court therefore grants the motion and assesses an initial partial filing fee of $12.00, twenty percent of the average monthly balance, rounded to the lower half dollar. Mr. Lester will be ordered to submit this amount to the clerk of this court within twenty days.

   Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Lester will remain obligated to pay the remainder of the full district court filing fee in this civil action. Being granted leave to proceed in forma pauperis entitles him to pay the rest of the filing fee over time through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). Pursuant to § 1915(b)(2), the Finance Office of the facility where Mr. Lester is confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in Lester's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Mr. Lester is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but

not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**BACKGROUND**

In his Motion for Declaratory Judgment and Relief pursuant to 28 U.S.C. §§ 2201, 2202, Mr. Lester claims the plaintiffs have violated several federal statutes and regulations in connection with the sale of the real estate being foreclosed upon, and that these claims are affirmative defenses to the plaintiffs' foreclosure action. He also claims that his right to relief in the state action depends on the resolution of "several substantial questions" that have "arisen under federal laws." The complaint alleges that no payment has been made by Mr. Lester since June 6, 2007, and that defendant has also failed to pay the property taxes, as agreed. The Contract for Deed is dated December 6, 2005.

Mr. Lester has also filed a "Motion for Joinder" citing FRCP Rule 18, in which he apparently seeks "permissive joinder" of the "claims and counterclaims" he raises in his Motion for Declaratory Judgment with those in the foreclosure petition[2]. He alleges this will allow all his claims to be disposed of in this single federal action. Mr. Lester asserts this court has jurisdiction "pursuant to Article III, § 2, clause 1 of the United States Constitution," the Judiciary Act of 1975, and 28 U.S.C. § 1331.

---

[2] 28 U.S.C. § 1441(c) provides:
Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed . . . .

3

**PROPRIETY OF REMOVAL**

With respect to the right of removal in general, 28 U.S.C.A. § 1441 provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. . . .

In <u>Firstar Bank NA v. West-Anderson</u>, 2003 WL 21313849 (D.Kan. Apr. 22, 2003, unpublished), Judge Murguia succinctly set forth the legal standards governing removal:

> A civil action is removable only if a plaintiff could have originally brought the action in federal court[3]. 28 U.S.C. § 1441(a). The court is required to remand "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Because federal courts are courts of limited jurisdiction[4], the law imposes a presumption against federal jurisdiction, <u>Frederick & Warinner v. Lundgren</u>, 962 F.Supp. 1580, 1582 (D.Kan. 1997)(citing <u>Basso v. Utah Power & Light Co.</u>, 495 F.2d 906, 909 (10th

---

[3] "This jurisdictional prerequisite to removal is an absolute, nonwaivable requirement." <u>Hunt v. Lamb</u>, 427 F.3d 725, 726 (10th Cir. 2005), citing <u>Brown v. Francis</u>, 75 F.3d 860, 864 (3rd Cir. 1996); see <u>Fent v. Okla. Water Res. Bd.</u>, 235 F.3d 553, 557-58 (10th Cir. 2000)("The plain language of § 1447(c) 'gives no discretion to dismiss rather than remand an action removed from state court over which the court lacks subject-matter jurisdiction'.").

[4] This court of limited jurisdiction must refrain from exercising jurisdiction unless certain it has been granted by Congress. See <u>Adams v. Reliance Standard Life Ins. Co.</u>, 225 F.3d 1179, 1182 (10th Cir. 2000)("In light of the limited subject matter jurisdiction granted to the federal courts by Congress, we have a duty to satisfy ourselves that jurisdiction is appropriate."). Federal removal jurisdiction is statutory in nature, and the governing statutes are to be strictly construed. <u>Shamrock Oil & Gas v. Sheets</u>, 313 U.S. 100, 108-09 (1941). It is well-settled that the presumption is "against removal jurisdiction." <u>Martin v. Franklin Capital Corp.</u>, 251 F.3d 1284, 1289 (10th Cir. 2001)(citation omitted). Doubtful cases must be resolved in favor of remand. <u>Laughlin v. Kmart Corp.</u>, 50 F.3d 871, 873 (10th Cir.), <u>cert</u>. <u>denied</u>, 516 U.S. 863 (1995).

> Cir. 1974)), and requires a court to deny its jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record. <u>Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauzites de Guinee</u>, 456 U.S. 694 (1982). The burden is on the party requesting removal to demonstrate that the court has jurisdiction.[5] <u>Laughlin v. Kmart Corp.</u>, 50 F.3d 871, 873 (10th Cir. 1995). The court must resolve any doubts concerning removability in favor of remand. <u>J.S. Petroleum, Inc. v. Lange</u>, 787 F.Supp. 975, 977 (D.Kan. 1992).
>
> * * *
>
> The well-pleaded complaint rule governs whether there is federal-question jurisdiction. <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987). This rule "provides that federal jurisdiction exists only when a federal question is present on the face of the plaintiff's properly pleaded complaint." <u>Id</u>.[6] . . . Consequently, cases brought in state court may not be removed to federal court even if a federal defense is anticipated in the plaintiff's complaint, and "even if both parties concede that the federal defense is the only question truly at issue." <u>Caterpillar</u>, 482 U.S. at 393.

<u>Id</u>. at *2[7]. There are two conditions requiring remand under 28 U.S.C. § 1447(c)[8]: lack of subject matter jurisdiction and defects in the removal procedure. <u>Kennedy v. Lubar</u>, 273 F.3d 1293, 1297 (10th Cir. 2001).

The court finds it does not have subject matter jurisdiction

---

[5] The removing defendant carries the burden of demonstrating that removal was proper and that the federal court has original jurisdiction. <u>See McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 189 (1936).

[6] Removal is permitted only where the existence of a federal claim appears on the face of the well-pleaded complaint. <u>Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.</u>, 535 U.S. 826, 830 & FN 2 (2002). This inquiry focuses on "what necessarily appears in the plaintiff's statement of his own claim," <u>id</u>., and does not involve consideration of defenses or counterclaims. <u>Franchise Tax Board v. Construction Laborers Vacation Trust For Southern California</u>, 463 U.S. 1, 9-11 (1983); <u>Topeka Housing Authority v. Johnson</u>, 404 F.3d 1245, 1247 (10th Cir. 2005).

[7] This unpublished opinion is not cited as precedent, but for its concise statement of statutory and published legal authority.

[8] 18 U.S.C. § 1447(c) provides in part:

. . . If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . .

over the Petition for Foreclosure in this case.  A federal question exists under 28 U.S.C. § 1331 if a civil action arises "under the Constitution, laws, or treaties of the United States."  Defendant does not allege that any of plaintiffs' claims arise under federal law.  Plaintiffs' petition, filed in state court, reflects that they are pursuing a foreclosure action against a Kansas citizen on real estate in the State of Kansas.  The subject matter of this suit, the real estate parcel in question, is not one over which the federal courts are given original jurisdiction.  The petition presents only state law claims for foreclosure of the Contract for Deed, which was an installment sale agreement for real property located in Franklin County, Kansas, asking the court to declare the entire indebtedness due and grant judgment for the amounts due, plus interest, and costs of the action including attorney fees; as well as award possession of the property.  Such an action is "governed entirely by Kansas state law."  The cause of action in the petition is neither expressly nor impliedly based upon a federal statute or federal common law, and the petition on its face contains no question arising under federal law.  Therefore, this action could not have been originally brought in federal court for want of subject matter jurisdiction.

   Defendant Lester's only basis for claiming federal-question jurisdiction is his assertion of counter-claims and affirmative defenses with citations to federal law in his response to the petition in state court, and in his motions for declaratory and

other relief filed with the removal notice in this court[9]. Removal cannot be predicated on allegations contained in defendant's notice of removal or subsequent documents. Cases originally brought in state court which do not present a federal question may not be removed to federal court simply because a federal defense is anticipated, "even if both parties concede that the federal defense is the only question truly at issue." Caterpillar Inc., 482 U.S. at 393. In other words, under the well-pleaded complaint rule, defendant's federal defenses are not sufficient to confer federal jurisdiction. Jefferson County, Ala. v. Acker, 527 U.S. 423, 430-31 (1999)("To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal."); Mountain Fuel Supply Co. v. Johnson, 586 F.2d 1375, 1380 (10th Cir. 1978)(In determining whether a "federal question" exists to justify removal jurisdiction, a court must look solely at the plaintiff's complaint rather than to any subsequent pleading or the notice for removal.), cert. denied, 441 U.S. 952 (1979); see also Nicodemus v. Union Pacific Corp., 318 F.3d 1231, 1236 (10th Cir. 2003)("It is well settled that '[a] defense that raises a federal question is inadequate to confer federal jurisdiction.'"), quoting Merrell Dow

---

[9] Defendant has generally asserted the following federal bases for his counterclaims or defenses: the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312; the Real Estate Settlement Procedure Act of 1974, 12 U.S.C. §§ 2601-2617; the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §§ 1701-1720; the Truth in Lending Act, 15 U.S.C. § 1601; Regulation Z, 12 C.F.R. §§ 226.1-226.36; Regulation X, 24 CFR §§ 3500.1-3500.21; the Homeowners Equity Protection Act (no cite provided); the Uniform Commercial Code (no particular cite provided); the Law of Property Act of 1925; the Statute of Frauds; and the Fair Debt Collection Practices Act.

7

Pharm., Inc. v. Thompson, 478 U.S. 804, 808 (1986); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987)(When considering federal question jurisdiction, the general rule is "that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law."). In sum, since jurisdiction cannot be conferred by defendant's counterclaims or defenses, even federal constitutional defenses[10], Mr. Lester's purported federal law counterclaims do not create federal jurisdiction justifying removal.

From the foregoing the court finds that this case must be remanded pursuant to 28 U.S.C. § 1447(c) due to this court's lack of subject matter jurisdiction. Because this court lacks jurisdiction over the case, it will not address the merits of defendant's other pending matters or arguments.

Moreover, there appear to be procedural defects in the Notice of Removal. A notice of removal must be filed within thirty (30) days of service of summons. 28 U.S.C. § 1446(b)[11]. The "Petition to Foreclose Contract for Deed" was filed on April 7, 2008. Mr. Lester's Notice of Removal, however, was not filed until July 2, 2008. Defendant Lester does not reveal the date upon which he was served with the petition. Nor does he provide the record showing

---

[10] An exception to this rule is 28 U.S.C. § 1443, which allows removal to address the violation of a right to racial equality that is unenforceable in state court. Hunt v. Lamb, 427 F.3d at 727, citing Georgia v. Rachel, 384 U.S. 780, 792 (1966). Like in Hunt, nothing in defendant's notice of removal suggests that § 1443 applies here.

[11]

**28 U.S.C. § 1446(b) pertinently provides:** The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

when he was served with process.  Assuming it would not take 55 days or more to serve defendant with the initial pleading in the state court case, the removal is not shown to be timely and may be procedurally defective, even if this case were otherwise removable.

The court notes it also appears that Mr. Lester has not complied with the requirements of 28 U.S.C. § 1446(a) that a notice of removal include "a copy of all process, pleadings, and orders served upon such defendant."  See also D.Kan. Rule 81.2 ("Within 20 days after filing the notice of removal, the removing party shall procure and file with the clerk of this court a copy of all records and proceedings had in the state court.  The court may remand any case sought to be removed to this court because of failure to comply with the provisions of this subsection.").  With his Notice of Removal, defendant has only submitted copies of the Petition and his pleading "Affirmative Defense to Petition."  If copies of all process served upon defendant had been provided, this court would have before it some record of when defendant was actually served.  Furthermore, it appears Mr. Lester has not filed the certificate required by D.Kan. Rule 81.1. which provides:

> Notice to parties.  Written notice of the filing of the notice of removal shall be promptly served upon all adverse parties.  A copy of the notice of removal shall be filed forthwith with the Clerk of the state court . . . .  The party removing the action shall file proof of service of all notices and filings with the clerk of the state court by certificate filed in the case with the clerk of this court.

Id.

Mr. Lester's implications are simply incorrect that removal is necessary for the doing of complete justice in the state foreclosure matter and that he may only litigate his federal counterclaims in

9

federal court. State courts are presumed to have jurisdiction over claims arising under federal laws concurrent with the federal courts unless Congress intended exclusive federal jurisdiction. <u>Tafflin v. Levitt</u>, 493 U.S. 455, 459 (1990). State courts also have an obligation equal with federal courts to guard and enforce every right secured by the federal Constitution and laws whenever such rights are involved in any action or proceeding before them.

**IT IS THEREFORE ORDERED** that this case is remanded to the District Court of Franklin County, Kansas.

**IT IS FURTHER ORDERED** that defendant's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted; and defendant's Motion for Declaratory Judgment and Relief (Doc. 3) and Motion for Joinder (Doc. 3) are denied, without prejudice, for lack of jurisdiction.

**IT IS FURTHER ORDERED** that defendant is granted twenty (20) days in which to submit to the clerk of this court an initial partial filing fee of $ 12.00, and that he is required to pay the remainder of the full filing fee of $350 through payments from his inmate account as directed herein. Any objection to this partial fee order must be filed on or before the date payment is due.

The clerk of this court is directed to mail a certified copy of this Order of Remand to the Clerk of the Franklin County District Court. <u>See</u> 28 U.S.C. § 1447(c). The clerk is also directed to transmit a copy of this order to the finance office at the institution where Mr. Lester is currently confined.

**IT IS SO ORDERED.**

Dated this 17th day of July, 2008, at Topeka, Kansas.

                                          <u>s/Sam A. Crow</u>
                                          U. S. Senior District Judge